# MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/07

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STUART E. JACOBS
*Assistant Corporation Counsel*
Tel: (212) 788-0899
Fax: (212) 788-9776

October 24, 2007

RECEIVED
OCT 25 2007
JUDGE KAPLAN'S CHAMBERS

**BY HAND**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Sterling v. City of New York, et al., 07 CV 7020 (LAK)

Your Honor:

    I am the Assistant Corporation Counsel assigned to handle the defense of the above-referenced case on behalf of defendant City of New York. I write to respectfully request that the time to respond to the complaint be briefly extended from the current due date of October 26, 2007, until 30 days after a fully executed §160.50 release is received from plaintiff. Defendant City also respectfully requests that the Court set a date certain by which plaintiff must produce the outstanding §160.50 release on pain of dismissal. This is defendant's second request for an extension of time to respond to the complaint. Plaintiff's attorney, Mr. Paul Danoky consents to this request.

    By way of background, plaintiff alleges, *inter alia*, that on or about February 15, 2005, he was arrested without probable cause. Plaintiff is further alleging that he was maliciously prosecuted and that the criminal charges against him were dismissed. It is our understanding that the records of the underlying criminal action, including police records, have been sealed pursuant to New York Criminal Procedure Law §160.50. Accordingly, a §160.50 release is necessary for defendant City to access the information, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. Since the scope of a §160.50 release is broadly interpreted by the NYPD, if *any* paperwork was prepared by the police department with respect to aforementioned plaintiff, e.g. arrest paperwork that was later voided, or complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the City would not have access to it to prepare its defense in this matter. Simply put, without this release, defendant City cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or records from the district attorney's file pertaining to plaintiff's underlying arrest and prosecution that is the basis of this lawsuit. Furthermore, since plaintiff

only named John and Jane Does in the complaint, these documents are also needed to determine the identity of the Officers allegedly involved in this matter.

Accordingly, on August 14, 2007, this office forwarded to plaintiff for execution a consent and authorization for the release of sealed records so that the City could access the information, properly assess the case, and respond to the complaint. Once again, on September 10, 2007, our office forwarded to plaintiff another consent and authorization for the release of sealed records pursuant to §160.50. Further, defendant City had a telephone conversation with Plaintiff's counsel on or about October 1, 2007 at which time the §160.50 was once again requested. However, to date, plaintiff has not sent our office an executed release. In addition, on October 22, 2007, I spoke to plaintiff's attorney to obtain his consent for this enlargement of time to answer the complaint in light of the fact that we had not received the requisite release. Plaintiff's attorney assured me that he would be forwarding plaintiff's executed §160.50 release to this office shortly.

At this juncture, we estimate that approximately thirty (30) days from receipt of the §160.50 release is needed to obtain the Criminal Court and police documents that will allow defendant City to access the information necessary to respond to the complaint.

In light of the above, we respectfully request that (1) the Court set a date certain by which plaintiff must provide the City with a fully executed §160.50 release on pain of dismissal and (2) defendant's time to answer or otherwise respond to the complaint be extended to thirty (30) days after a fully executed §160.50 release is received by plaintiff.

Thank you in advance for your consideration herein.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation

cc:   **BY FAX AND REGULAR MAIL**
      Paul Danoky, Esq.
      333 East 6th Street, #1N
      New York, New York 10003

SO ORDERED

LEWIS A. KAPLAN, U.S.D.J.