

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/07

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

STUART E. JACOBS
*Assistant Corporation Counsel*
Tel: (212) 788-0899
Fax: (212) 788-9776

December 12, 2007

**BY HAND**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

DEC 13 2007

CHAMBERS

Re:   Sterling v. City of New York, et al., 07 CV 7020 (LAK)

Your Honor:

      I am the Assistant Corporation Counsel assigned to handle the defense of the above-referenced case on behalf of defendant City of New York. I write in opposition to plaintiff's letter dated December 7, 2007 requesting a thirty (30) day extension of time to serve the individual police officers. Further, defendant City respectfully requests that the Court order the plaintiff to produce the outstanding §160.50 release by December 19, 2007 or another date set by the Court. It should be noted that the undersigned attempted to discuss this matter with plaintiff's counsel, however the telephone number maintained on ECF is currently disconnected.

      As a threshold matter, it should be noted that plaintiff's request for an extension is not timely, as the Case Scheduling Order dated October 1, 2007 directed the parties to amend their pleadings by December 3, 2007, and plaintiff's application for an extension is dated December 7, 2007.

      Further, to date, Plaintiff has yet to produce a duly executed §160.50 release as ordered by the Court on October 25, 2007 (See Letter Dated October 25, 2007 endorsed by Your Honor attached hereto). Without the §160.50 release, defendant City cannot access any documents relating to plaintiff's underlying arrest and prosecution that is the basis of this lawsuit, and which are needed to determine the identity of the Officers allegedly involved in this matter. Pursuant to FRCP Rule 41(b), it is plaintiff's duty to prosecute his case and comply with the rules or any order of this Court. Failure to do so, can result in the involuntary dismissal of plaintiff's case. Plaintiff's failure to provide a properly executed §160.50 release pursuant to the Court's October 25, 2007 order illustrates plaintiff's failure to prosecute this action.

      Consequently, Plaintiff's request for an extension of time to serve the individual police officers, and his request that the defendant City inform him of the precinct assignments of

the police officers is premature. In fact, plaintiff, by his own admission in his letter dated December 7, 2007, is in the best position to ascertain the identities and precinct assignments of the individual police officers, as he possesses the trial notebook from the underlying criminal matter, and as noted above, the City has not yet been provided with a §160.50 release so that it can access documents regarding this incident. As a result, plaintiff's request for an extension is not only premature, but should be held in abeyance until such time as plaintiff serves a duly executed §160.50 release.

In light of the above, the City respectfully requests that (1) the Court order the plaintiff to produce the outstanding §160.50 release by December 19, 2007 or another date set by the Court; (2) defendant's time to answer or otherwise respond to the complaint be extended to thirty (30) days after a fully executed §160.50 release is received by plaintiff; and (3) that plaintiff's request for an extension of time to serve the individual police officers be held in abeyance until plaintiff produces a duly executed 160.50 release to the defendant City.

Thank you in advance for your consideration herein.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation

cc: **BY FAX AND REGULAR MAIL**
Paul Danoky, Esq.
333 East 6th Street, #1N
New York, New York 10003

*Granted.*

SO ORDERED

LEWIS A. KAPLAN, USDJ
12/14/07