# MEMO ENDORSED





JAN -2 2008

JUDGE KAPLAN'S CHAMBERS

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Stuart E. Jacobs
*Assistant Corporation Counsel*
Tel.: (212) 788-0899
Fax: (212) 788-9776

**BY HAND**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/08

December 27, 2007

Re: Sterling v. City of New York, et al., 07 CV 7020 (LAK)

Your Honor:

I am the Assistant Corporation Counsel assigned to handle the defense of the above-referenced case on behalf of defendant City of New York. I write to respectfully request that the Court dismiss plaintiff's complaint for failure to comply with two Court Orders and plaintiff's failure to prosecute the action pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. Defendant City also respectfully requests that Your Honor consider this letter application in lieu of formal moving papers.

By way of background, plaintiff alleges, *inter alia*, that on or about February 15, 2005, he was arrested without probable cause. Plaintiff further alleges that he was maliciously prosecuted, and that the criminal charges against him were dismissed. As plaintiff alleges that the criminal charges brought against him were dismissed, all records related to plaintiff's arrest would be sealed pursuant to N.Y.C.P.L. §160.50.

Accordingly, on August 14, 2007, this office forwarded to plaintiff for execution a consent and authorization for the release of sealed records so that the City could access the information, properly assess the case, and respond to the complaint. On September 10, 2007, our office forwarded to plaintiff another consent and authorization for the release of sealed records pursuant to § 160.50. Further, the undersigned spoke with plaintiff's counsel on or about October 1, 2007, at which time the § 160.50 release was once again requested. Since plaintiff failed to provide the releases, by letter dated October 24, 2007, defendant requested that the Court compel plaintiff to provide the executed releases, and that defendant receive a thirty (30) day extension of time to respond to plaintiff's complaint from the date which these releases were

*Denied without prejudice to a motion for such relief.*
SO ORDERED
LEWIS A. KAPLAN, USDJ
1/2/08

received by this office. By Order dated October 25, 2007, Your Honor granted defendant's request, and directed plaintiff to provide this office with an executed § 160.50 release.

The plaintiff did not comply with the October 25, 2007 Order, and therefore on December 12, 2007, the defendant once again requested that the Court set a date certain for the plaintiff to provide an executed § 160.50 release. On December 14, 2007, Your Honor issued a second Order directing plaintiff to return an executed § 160.50 release by December 19, 2007. To date, and despite the Orders from this Court, plaintiff has failed to provide the defendant with the executed release. As such, defendant respectfully requests that plaintiff's complaint should be dismissed, with prejudice, for failure to prosecute and failure to comply with a Court Order, pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b).

Under Fed. R. Civ. P. 41(b) the Court is invested with the discretionary authority to dismiss a complaint for failure of the plaintiff to prosecute his claims. See e.g. Palmieri v. DeFaria, 88 F.3d 136, 140 (2d Cir. 1996) (district court may dismiss a claim with prejudice for failure to prosecute); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

It is well-settled that a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-630. Because dismissal is a matter of the district court judge's discretion, a judge may, even without notice to the parties, dismiss a complaint for lack of prosecution. Id. at 633.

The Second Circuit has held that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). "[I]t is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) because plaintiff has willfully disregarded two Court Orders, and has failed to provide the defendant with the §160.50 release necessary to investigate the allegations made in the complaint, thereby failing to comply with his duty to prosecute his claim with due diligence. See Simmons, 49 F.3d at 87 ("The district court also has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the

noncompliance as a failure to prosecute."); Perez v. City of New York, 02 CV 3670 (WH), 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. April 10, 2003)(case dismissed for failure to prosecute where plaintiff failed to provide §160.50 release).

Moreover, because plaintiff has failed to comply with a Court ordered discovery deadline, namely this Court's October 25, 2007 and December 14, 2007 Orders, the Court should dismiss plaintiff's complaint pursuant to Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the Court may dismiss the action against the disobedient party. See Fed. R. Civ. P. 37(b)(2)(c); Friends of Animals v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices.") While dismissal is a severe sanction, the Supreme Court has noted that "[s]anctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Dukes v. New York City Commissioner Ward, No. 89 Civ. 4510 (PKL), 1990 U.S. Dist. LEXIS 1825 at *10 (S.D.N.Y. February 23, 1990) *reconsideration denied by* 1990 U.S. Dist. LEXIS 3234 (S.D.N.Y. March 23, 1990)(quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) see also McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)("all litigants, including *pro ses*, have an obligation to comply with court orders"). In the present case, by Orders dated October 25, 2007 and December 14, 2007, plaintiff was directed to provide this office with an executed release for records sealed pursuant to N.Y.C.P.L. §160.50. As plaintiff has failed to comply with the Court's Orders or otherwise prosecute this case, defendant respectfully requests that plaintiff's claims should be dismissed pursuant to Rule 37(b)(2).

Accordingly, the defendant respectfully requests that the Court consider this letter application in lieu of formal moving papers, and dismiss the complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2).

Thank you for your consideration of this submission.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **BY FAX AND REGULAR MAIL**
      Paul Danoky, Esq.
      333 East 6th Street, #1N
      New York, New York 10003